**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4702

WILLIAM ARTHUR STROUPE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Norman K. Moon, District Judge.
(CR-97-30027)

Submitted: March 30, 1999

Decided: April 16, 1999

Before ERVIN and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Shmidheiser, III, WHARTON, ALDHIZER & WEAVER,
P.L.C., Harrisonburg, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Donald R. Wolthuis, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Arthur Stroupe was convicted pursuant to his guilty pleas of conspiracy to distribute and distribution of methamphetamine. On appeal, Stroupe alleges that the district court erred by refusing to apply the "safety valve" provision found in 18 U.S.C.A. § 3553(f) (West Supp. 1998) and USSG § 5C1.2.**1**  Finding no error, we affirm.

In March 1997, DEA agents received information that there was a suspicious package at the Federal Express distribution center in Weyers Cave, Virginia. The package, which was addressed to Stroupe, was exposed to a narcotic detection dog, who alerted positively. Agents obtained a search warrant, opened the package, and seized approximately two ounces of methamphetamine. Agents resealed the package and arranged for a controlled delivery at Stroupe's residence. After Stroupe accepted delivery of the package, agents executed a second search warrant for the residence, which was a single-wide trailer home, and found a day planner containing names of drug customers, with amounts paid and owed, scales, various other drug paraphernalia, approximately $1700 in cash, and eighteen firearms, including two handguns in the nightstand beside Stroupe's bed.

Stroupe has the burden of proving that he qualified for application of the "safety valve" provision, and we find that he has failed to meet this burden. See United States v. Beltran-Ortiz , 91 F.3d 665, 669 (4th Cir. 1996). The "safety valve" provision applies only if all five of the following criteria are satisfied: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence

_____

**1 U.S. Sentencing Guidelines Manual** (1995). The "safety valve" allows a sentencing court to impose a sentence in accordance with the applicable Guidelines range, regardless of any statutory minimum sentence, if the defendant satisfies five criteria.

2

or a credible threat of violence or possess a firearm or other danger-
ous weapon; (3) no one was killed or seriously injured during the
commission of the offense; (4) the defendant was not an organizer,
leader, manager, or supervisor of others; and (5) the defendant truth-
fully provides to the Government all of the information and evidence
he has pertaining to the offense. See USSG§ 5C1.2.

In the present case, it is undisputed that the first and third criteria
are satisfied. However, the district court found that Stroupe failed to
satisfy all three of the remaining criteria. Specifically, the court found
that Stroupe possessed the firearms in connection with his drug traf-
ficking activities,[2] that he was the manager of the local drug distribu-
tion network, and that he was untruthful about the scope of his
activities. We find that the district court correctly found that Stroupe
failed to satisfy the second and fifth criteria. [3]

The Government only needs to prove by a preponderance of the
evidence that an enhancement for possession of a firearm pursuant to
USSG § 2D1.1(b)(1) is appropriate, and the district court's factual
determinations must be upheld unless they are clearly erroneous. See
United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.
1989). In addition, "[t]he adjustment should be applied if the weapon
was present, unless it is clearly improbable that the weapon was con-
nected with the offense." USSG § 2D1.1, comment. (n.3). In the pres-
ent case, the record supports the district court's application of the
enhancement. Although Stroupe claimed that he never took the fire-
arms with him when he sold the drugs to his "customers," we find that

_____

[2] In fact, the district court enhanced Stroupe's sentence pursuant to
USSG § 2D1.1(b)(1).
[3] We find that the district court erred in finding that Stroupe did not sat-
isfy the element pertaining to being an organizer or manager. Under the
commentary, a defendant only fails to satisfy this element if he received
"an adjustment for an aggravating role under§ 3B1.1 (Aggravating
Role)." See USSG § 5C1.2, comment. (n.5). Since Stroupe did not
receive such an adjustment, he satisfied this element. Nevertheless, the
district court's error is harmless in light of our finding that Stroupe failed
to satisfy two of the five criteria. Our decision on this element should not
be interpreted as a commentary on the factual findings made by the dis-
trict court.

the district court's conclusion was not clearly erroneous, given the regular supply of cash and drugs flowing into the residence and the large number of firearms present in a small mobile home, including two handguns by Stroupe's bedside. Accordingly, we find that the district court properly found that it was not clearly improbable that the firearms were available for Stroupe's use in connection with his drug dealing if needed. Because the evidence supports the district court's finding that Stroupe possessed firearms in connection with a drug trafficking offense, he was not eligible for sentencing under the "safety valve" provision. See 18 U.S.C.A. § 3553(f)(2); USSG § 5C1.2.

Finally, the record supports the district court's finding that Stroupe was not entirely truthful regarding the scope of his activities. Specifically, the court found Stroupe's testimony that he did not make any money from his drug dealing incredible. We give due deference to the district court's opportunity to judge the credibility of witnesses and will only reverse the court's factual findings if they are clearly erroneous. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). Stroupe's own testimony showed that he sold the drugs for almost twice what he paid for them. Moreover, although Stroupe claimed that he sold the drugs only out of fear that his suppliers would harm his family if he did not, the district court properly observed that he could have simply contacted the police.

We therefore affirm Stroupe's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4